IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LISA RICHARDSON-HENDERSON,<br>    *Plaintiff*,<br><br>v.<br><br>SHOWCASE HOME IMPROVEMENTS, INC.,<br>*d/b/a* KENNETH FERBER *et al.*,<br>    *Defendants* | Civil Action No.<br>1:25-cv-00695-ABA |

**MEMORANDUM AND ORDER**

On March 3, 2025, *pro se* Plaintiff Lisa Richardson-Henderson filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 1. The motion asks this Court to review a judgment in a related state court case filed in the Circuit Court for Howard County, *Lisa Richardson-Henderson v. Showcase Home Improvements, Inc.*, Case No. C-13-CV-22-000686 (Howard Ct. Cir. 2022), in which the state court upheld "the sale of her real property located at 8753 Hayshed Lane, Columbia, Maryland." *Id* at 1. Plaintiff states that the state court "is about to schedule a forced sale of [her] home in 15 days to satisfy" a mechanics lien that Defendant Showcase Home Improvements, Inc. has filed against Plaintiff's property. *Id*. Plaintiff also states that the mechanics lien is not valid and that Defendant Showcase Home Improvements, Inc. "was offered a full payment instrument on May 12, 2023, in the amount of $91,145.90, but defaulted by not responding within 30-days." *Id*. at 2.

Plaintiff did not file a complaint. The Court then ordered Plaintiff to show cause why this case should not be dismissed for lack of jurisdiction. ECF No. 3. On March 11, 2025, Plaintiff filed a complaint, ECF No. 5, and amended the complaint a day later, ECF No. 7. Plaintiff thereafter filed an "Urgent Motion to Vacate Circuit Court's Order,

Stay Further Transactions, and Request for Investigation into Suspected Fraud and Misconduct." ECF No. 8. The Court will, on its own initiative, dismiss the complaint for failure to state a claim.

In the amended complaint, Plaintiff alleges a RICO claim under 18 U.S.C. § 1962(c) against Defendants. ECF No. 7 at 3. Specifically, Plaintiff alleges that she owned real property at 8753 Hayshed Lane, Columbia, Maryland 21045, that Defendant U.S. Bank Trust National Association served as a trustee during a bankruptcy proceeding from October 2017 to March 2023 "but failed to record a Deed of Trust as required," and Defendant Showcase Home Improvements, Inc. "submitted a fraudulent claim seeking ownership interest or compensation in connection to the property." *Id.* at 2-3. Plaintiff argues that the Court has federal question jurisdiction. *Id.* at 1.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez*, 590 U.S. \_\_, 140 S. Ct. 1721 (2020). Here, the amended complaint is deficient because plaintiff has failed to state a RICO claim.

To comply with the Federal Rules of Civil Procedure, the complaint must contain at a minimum a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. P. 8(a), and also the names of each defendant, *see* Fed. R. Civ. P. 10(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*

*v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

      RICO claims are subjected to a heightened pleading standard. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "When mail and wire fraud are asserted as the predicate acts in a civil RICO claim, each must be pled with particularity, pursuant to Rule 9(b)." *Proctor v. Metropolitan Money Store Corp.*, 645 F. Supp. 2d 464, 473 (D. Md. 2009). "Both mail and wire fraud have similar core elements that must be proven: (1) defendant's knowing participation in a scheme to defraud; and (2) the mails or interstate wire facilities were used in the furtherance of the scheme, but they need not be an essential element of the scheme." *Id.*

      Here, Plaintiff has failed to properly plead her RICO claim after amending her complaint. Plaintiff pleads generalities about the enterprise involving "financial institutions, fraudulent claims, and misuse of legal authority to manipulate property records and theft" without explaining what those institutions are or what those claims are. ECF No. 7 at 3. Furthermore, Plaintiff only makes the conclusory allegation that "Defendants knowingly committed wire fraud (18 U.S.C. § 1343), mail fraud (18 U.S.C. § 1341), and fraudulent conveyance of property under Maryland law" with no further context or factual predicate. *Id.* Therefore, the Court has failed to find a plausible claim

that Plaintiff has stated upon which relief can be granted. Accordingly, the complaint will be dismissed.

## ORDER

For the reasons stated above, Ms. Richardson-Henderson's emergency motion for a temporary restraining order and preliminary injunction (ECF No. 1) and urgent motion to vacate the circuit court's order (ECF No. 8) are DENIED and her complaint is DISMISSED. The dismissal will be without prejudice. The Clerk of Court shall mark this case as CLOSED.

Date:  April 24, 2025

*/s/*
Adam B. Abelson
United States District Judge