IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LISA RICHARDSON-HENDERSON,
    *Plaintiff*,

v.

SHOWCASE HOME IMPROVEMENTS, INC.,
*d/b/a* KENNETH FERBER *et al.*,

    *Defendants*

Civil Action No.
1:25-cv-00695-ABA

**MEMORANDUM OPINION AND ORDER**

On April 24, 2025, the Court dismissed Plaintiff's complaint for failure to state a claim upon which relief can be granted. ECF No. 10; *see* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez*, 590 U.S. \_\_, 140 S. Ct. 1721 (2020). In that opinion, the Court explained that to comply with the Federal Rules of Civil Procedure, a complaint must contain at a minimum a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief. *See* Fed. R. Civ. P. 8(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In the amended complaint, Plaintiff alleged a RICO claim under 18 U.S.C. § 1962(c) against Defendants. ECF No. 7 at 3. Specifically, Plaintiff alleged that she owned real property at 8753 Hayshed Lane, Columbia, Maryland 21045, that Defendant U.S. Bank Trust National Association served as a trustee during a bankruptcy proceeding from October 2017 to March 2023 "but failed to record a Deed of Trust as required," and Defendant Showcase Home Improvements, Inc. "submitted a fraudulent claim seeking ownership interest or compensation in connection to the property." *Id.* at 2-3.

In its prior opinion, the Court explained that RICO claims are subjected to a heightened pleading standard and held that Plaintiff's amended complaint had not met that standard. Specifically, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "When mail and wire fraud are asserted as the predicate acts in a civil RICO claim, each must be pled with particularity, pursuant to Rule 9(b)." *Proctor v. Metropolitan Money Store Corp.*, 645 F. Supp. 2d 464, 473 (D. Md. 2009). "Both mail and wire fraud have similar core elements that must be proven: (1) defendant's knowing participation in a scheme to defraud; and (2) the mails or interstate wire facilities were used in the furtherance of the scheme, but they need not be an essential element of the scheme." *Id.*

Following the Court's decision, Plaintiff filed a Motion to Reopen including a proposed "Refiled Complaint for Fraud, RICO, and Estoppel Tactics." ECF No. 11; ECF No. 11-2. In the proposed complaint, she realleges the RICO claim and adds fraud and promissory estoppel claims. ECF No. 11-2 at 3, 5–6. She also adds as an additional defendant, the State's Attorney's Office for Howard County, Maryland, for failure to

impose criminal charges against the President of Showcase Home Improvements, Inc., Kenneth Ferber. *Id.* ¶ 5.

First, Plaintiff has failed again to properly plead her RICO claim after amending her complaint. Plaintiff only makes the conclusory allegation that "The Circuit Court, State's Attorney Office, court appointed unauthorized Trustee, US Bank Trust National Association, and Showcase's attorneys worked together to facilitate an elaborate fraudulent scheme to steal real property, to "eliminate/deprive" Plaintiff of her Constitutional rights and equal protections under the Fifth and Fourteenth Amendment. . . . in violation of 18 U.S.C. 96, 1962–1968, Title 18 Sections 1341 and 1343 mail and wire fraud . . ." with no further factual context. *Id.* ¶ 11. This amended claim, like the prior claim, does not state a RICO claim upon which relief can be granted.

Second, to the extent that Plaintiff is attempting to sue the State's Attorney's Office for failure to prosecute Showcase, this claim is further barred by prosecutorial immunity. Prosecutors are absolutely immune from damages liability when they act as advocates for the State. *Imbler v. Pachtman*, 424 U.S. 409, 430–32 (1976); *Savage v. Maryland*, 896 F.3d 260, 268 (4th Cir. 2018). A prosecutor's decision not to prosecute a case is intimately tied to the prosecutor's role as advocate for the State and thus, the State's Attorney's Office is absolutely immune from Plaintiff's claims regarding its decision not to prosecute Showcase. *See Savage*, 896 F.3d at 271 (citing *Roe v. City and Cnty. Of San Francisco*, 109 F.3d 578, 583 (1997)).

Finally, the Court lacks jurisdiction over Plaintiff's remaining state law claims of fraud and promissory estoppel. ECF No. 11-2 at 5–6. The federal district court has jurisdiction over a case in one of three ways: federal question (28 U.S.C. § 1331), diversity (28 U.S.C. § 1332), and supplemental (28 U.S.C. § 1367). Given that the Court

has dismissed the RICO claim and there are no remaining claims arising under the Constitution, federal laws, or treatises, the Court does not have federal question jurisdiction. Given that Plaintiff alleges that both she and all Defendants are domiciled in Maryland, the Court lacks diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Finally, pursuant to 28 U.S.C. § 1367(c)(3), given that the Court has dismissed the only claim over which it would have had original jurisdiction (the RICO claim), the Court will decline to exercise supplemental jurisdiction over the state law claims. Accordingly, the motion to reopen will be denied.

## ORDER

For the reasons stated above, Ms. Richardson-Henderson's motion to reopen the case (ECF No. 11) is DENIED and her motion to request the process of summons (ECF No. 12) is DENIED AS MOOT.

Date:  December 22, 2025

*/s/*
Adam B. Abelson
United States District Judge